**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| **In re:   Vassilios Hatzigeorgio** | **CASE NO.    14-60817** |
| **DEBTOR(S)** | **CHAPTER:    13** |
| **U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, by Caliber Home Loans, Inc., as its attorney in fact**<br>**MOVANT(S)**<br>**v.**<br><br>**Vassilios Hatzigeorgio aka Vassilo Hatzigeorgio aka Bill Hedges, Debtor**<br>**Stella Hatzigergio, Non-Filing Co-Debtor**<br><br>**AND**<br><br>**Herbert L. Beskin, Trustee**<br><br>**RESPONDENT(S)** | |

**PRE-HEARING ORDER**

A Motion for Relief from Stay pursuant to 11 U.S.C. Sec. 362 has been filed and it appearing that pursuant to the provisions of Sec. 362 of the Bankruptcy Code the Court is required to conduct prompt hearings with respect to motions for relief from the automatic stay; and it further appearing that it is necessary to enter certain orders to permit the Court to conduct the aforesaid hearings, and good cause appearing, it is

O R D E R E D :

1. Within seven (7) days from the date of this Pre-Hearing Order, the Movant shall file with the Court and serve on each Respondent a certification on the form attached hereto and supporting exhibits containing the following data:

    a. True copies of all notes, bonds, deeds of trust, security agreements, car titles, financing statements, assignments, and every other document upon which the Movant(s) will rely at the time of hearing. Attaching these documents as exhibits to the motion shall constitute compliance.

    b. A statement of amount due including a breakdown of the following categories:
        (1) Unpaid principal
        (2) Accrued interest and the beginning and ending dates for accrual thereof
        (3) Late charges and the period covered by the late charges
        (4) Attorney's fees
        (5) Advances for taxes, insurance, and the like
        (6) Unearned interest
        (7) Any other charges
        (8) A per diem interest factor

  c. A valuation of the property involved as well as the basis for such valuation.

2. If any Respondent opposes the relief sought in the Motion for Relief, such Respondent(s) shall file within fourteen (14) days from the date of this Pre-Hearing Order a pleading responsive to the allegations contained in the Motion, including as an exhibit the information required in the Respondent's Certification form attached to this Order. In the event the Movant's Certification form is not timely filed, the Respondent(s) shall file a responsive certification within seven (7) days of the date of its tardy filing, but no later than the day prior to the scheduled hearing. As part of the responsive pleading, the Respondent(s) shall indicate whether controversy exists as to the authenticity of any documents involved in the motion and shall specify the disputed documents. Upon the filing of a responsive pleading, a "contested matter" shall exist.

   **Failure to file a responsive pleading shall be deemed consent by the non-responding party to the relief requested by the Movant(s) and a waiver of any further notice or opportunity for hearing. Upon default, Movant(s) may prepare and file for entry a default judgment order and there will be no necessity for appearance of counsel as long as the order is filed with the Court prior to the hearing date.**

3. In contested matters, at least <u>five</u> (5) days prior to the scheduled hearing, the Movant(s) shall file with the Court and serve upon each Respondent a detailed report of any appraiser whose testimony is to be presented at the hearing. Said detailed report shall include, without limitation, the qualifications of the appraiser and the factual basis for the appraisal, including comparable sales if utilized, and the method of appraisal. In the case of a motor vehicle, Blue Book or Black Book values may be submitted and counsel shall certify which Book is being used and which category of value is being used, e.g. with respect to Blue Book - wholesale, retail or loan value.

4. In contested matters, at least <u>three</u> (3) days prior to hearing, the Respondent(s) shall file with the Court and serve upon the Movant(s) a report of any appraiser it intends to utilize at the time of hearing, which report shall include the same detail as is specified in the preceding paragraph.

5. In contested matters, at least <u>three</u> (3) days prior to hearing, the Respondent(s) shall file with the Court and serve upon the Movant(s) a statement as to how the Movant(s) can be adequately protected if the stay is to be continued by the Court.

6. **The attorneys for the parties are directed to confer with respect to the issues raised by the Motion prior to the scheduled day of the hearing for the purpose of determining whether a consent order may be entered and/or for the purpose of stipulating to relevant facts, such as the value of the property, and the extent and validity of any security interest. They shall also confer prior to such hearing day concerning whether the hearing will be a preliminary or final hearing. In the event of their failure to confer or failure to agree and advise the Court prior to the day of the hearing that either party is requesting that the scheduled hearing be a final hearing, the Court, unless it finds good cause to do otherwise, will treat the scheduled hearing as a preliminary hearing as provided in 11 U.S.C. § 362(e)(1).**

7. In contested matters, not later than the working day prior to hearing, counsel shall file with the court, via CM/ECF, one copy of all exhibits to be introduced at the hearing properly marked for identification and shall serve a copy of the exhibits on opposing counsel and any pro se party. On the day of hearing any party filing exhibits via CM/ECF shall bring to court 3 copies of all exhibits filed via CM/ECF for use at the hearing. Exhibits filed via CM/ECF shall be deemed the originals for purposes of the record and admissibility of the exhibits shall be determined on the record at the hearing. *Pro se* parties are required to file exhibits conventionally with the Clerk of this Court rather than via CM/ECF, but will be required to comply with all other provisions of this paragraph. Strict compliance is required to the exhibit instructions attached hereto and made a part hereof.

8. All counsel and the parties shall comply with this Order and failure to do so will result in imposition of appropriate sanctions and/or dismissal of the proceeding.

Enter this date: <u>July 17, 2014</u>

                       */s/ Rebecca B. Connelly*
                       **REBECCA B. CONNELLY, JUDGE**

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF VIRGINIA

## EXHIBIT INSTRUCTIONS

The Exhibit list must be typewritten, double-spaced, and should briefly describe each exhibit to be introduced at trial.

The "admitted" and "marked" columns should be left blank.

All exhibits shall be prepared on or reduced to 8½" x 11" paper whenever possible.  If the exhibit is small it should be stapled to 8½" x 11" paper.

All exhibits must be docketed in the electronic filing system (ECF).

Counsel shall pre-mark exhibits near the bottom of the exhibit.

If a group of related items, such as checks or photographs, are to be introduced, each individual item must be separately marked and numbered as follows: 1-A, 1-B, 1-C, etc.

Movant's exhibits are to be in <u>numerical</u> order

Respondent's exhibits are to be in <u>alphabetical</u> order

Trustee's exhibits should be marked "Trustee"

Joint exhibits should be marked "Joint exhibits"

If more than one Movant/Respondant - identify party on exhibit.

Exhibits that contain multiple pages, please identify the number of pages within each exhibit. (Example: Respondent's Exhibit A - Page 1 of 10)

The marked exhibit shall contain the exhibit number (or letter), the case number [and adversary proceeding number, if applicable] and the date of the trial or hearing.

The court shall maintain possession of all exhibits submitted to the court at all times.

See example of exhibit format:

> Movant's Exhibit
> #1
> 07/01/92
> Case #92-00001
>
> Page 1 of 10

**Three(3) separate sets of exhibits are to be brought to Trial for court use. ( One for Judge, One for Law Clerk, and One for Witness)**

If exhibits are not withdrawn after trial pursuant to Local Rule 9070-1, they may be disposed of as deemed appropriate by the Clerk without further notice.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**

| In re:  DEBTOR(S) | CASE NO.  CHAPTER: |
|---|---|
| **MOVANTS NAME**  **MOVANT(S)**  v.  **RESPONDENTS NAME**  **AND**  **TRUSTEE**  **RESPONDENT(S)** | |

**MOVANT'S CERTIFICATION REQUIRED WITH**
**RESPECT TO MOTION FOR RELIEF FROM STAY**

1. Description of Property:_____

2. Copies of Security Instruments: <u>Attached as Movant's Exhibit No. 1.</u>

3. Statement of Amount Due:
    (a) Unpaid Principal: _____
    (b) Accrued Interest from a specific date to a specific date: _____
    _____
    (c) Late Charges from a specific date to a specific date: _____
    _____
    (d) Attorney's fees: _____
    (e) Advances for Taxes, Insurance, and the Like: _____
    (f) Unearned Interest: _____
    (g) Any Other Charges: _____

4. A Per Diem Interest Factor: _____

5. Movant's valuation of property: $_____
   Basis of such valuation:_____
   Appraisal or other documentation of such valuation, if attached, is identified as <u>Movant's Exhibit No. 2.</u>

I HEREBY CERTIFY, as a Member of the Bar of the Court, that I represent the above-named Movant(s) and that the information contained herein is true according to the best of my knowledge and belief.

DATED:_____      _____
                                                                   Signature of Movant's Attorney

\*\*\*ALL BLANKS MUST BE COMPLETED.
IF THE ANSWER IS NONE OR NOT
APPLICABLE, PLEASE SO STATE.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**

| In re:                **DEBTOR(S)** | CASE NO.<br><br>CHAPTER: |
|---|---|
| **v.**     **MOVANTS NAME**<br><br>**MOVANT(S)**<br><br>**RESPONDENTS NAME**<br>**AND**<br>**TRUSTEE**<br><br>**RESPONDENT(S)** |  |

**RESPONDENT'S CERTIFICATION REQUIRED WITH**
**RESPECT TO MOTION FOR RELIEF FROM STAY**

1. If different from Movant's certification, description of property:

_____

_____

2. Respondent's valuation of property: $_____

 Basis for such valuation:_____

 Appraisal or other documentation of such valuation, if attached, is identified as Respondent's Exhibit A.

I HEREBY CERTIFY, as a Member of the Bar of this Court, that I represent the above-named Respondent(s) and that the information contained herein is true according to the best of my knowledge and belief.

DATED:_____ _____
 Signature of Respondent(s) Attorney

\*\*\*ALL BLANKS MUST BE COMPLETED. _____
 IF THE ANSWER IS NONE OR NOT _____
 APPLICABLE, PLEASE SO STATE. TYPE Name & Address Above